## Townsend *versus* Wells.

In a suit against the drawer of an order, a waiver of demand cannot be inferred from his subsequent admissions of notice to him that the order was unpaid, and that it ought to have been paid; *unless* it be shown that he knew there had been no demand.

Exceptions from the District Court, Cole, J.

Assumpsit. — The defendant on the 10th of July, 1849, drew an order directing one French to pay to the plaintiff $20, for value received. On the 2d of February, 1850, the plaintiff said to the defendant, "I am sorry to have sued you on the order;" defendant replied, "I do not blame you at all; you ought to have had your pay long since;" the plaintiff asked, "have I not repeatedly told you, that French had not paid the order;" and the defendant answered, "you have." A nonsuit was ordered, and the plaintiff excepted.

*O'Donnell*, for the plaintiff.

1. The declarations of the defendant amounted to an admission of demand and notice. After being told that the order was not paid, he admitted he ought to have paid it. Presumption is, that the defendant had no funds or expectation of funds with the drawee. It was then for him to show funds.

2. If the declarations do not prove demand and notice, they prove a waiver of them. *Lundie* v. *Robertson*, 7 East, 231; *Piersons* v. *Hooker*, 3 Johns. 68; *Breed* v. *Hillhouse*, 7 Conn. 523; *Tebbetts* v. *Dowd*, 23 Wend. 379.

3. The case should have gone to the jury to find what the defendant intended to be understood by his language. If they could have been authorized to find either a seasonable

Townsend v. Wells.

demand and notice, or a waiver of them, the nonsuit was improperly ordered.

*J. Goodenow,* for the defendant.

WELLS, J. — There is no evidence that any demand had been made on the drawee for payment of the bill, or that due notice had been given to the defendant of the non-payment. Nor is there any proof that the defendant had not funds in the hands of the drawee. The plaintiff must prove a demand and notice, or some excuse for the want of them. If he had shown, that the defendant had no funds in the hands of the drawee, it would then have been incumbent on the defendant, if the fact had been relied upon in his defence, to show that notwithstanding the want of funds in the hands of the drawee, he had reasonable ground to expect that his draft would be duly honored. The burden of proof is on the holder of a bill, who claims to be excused from proving notice to the drawer, on the ground of want of funds in the drawee's hands. Bayley on Bills, 303. And we do not understand any different rule to be stated in *Burnham* v. *Spring*, 22 Maine, 495.

It is contended, that the evidence should have been submitted to the jury, and that they might have inferred from the declarations of the defendant a waiver of demand and notice. But it does not appear that the defendant had any knowledge of the want of a demand. He should have had knowledge of the omission to make the demand before he could be holden upon a waiver of it. *Davis* v. *Gowen*, 17 Maine, 387; *Hunt* v. *Wadleigh*, 26 Maine, 271.

It cannot be implied from the language used by the defendant, that he was informed there had been no demand, and as such fact must be shown by the plaintiff, there was not sufficient evidence to justify the jury in finding a verdict against the defendant, and the nonsuit was properly ordered.

*Nonsuit confirmed.*